IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


CHRISTINE TATUM,

        Plaintiff,

vs.                                        Case No. 12-1124-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,[1]

        Defendant.


MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits and supplemental security income payments. The matter has been fully briefed by the parties.

## I. General legal standards

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. <u>Glenn v. Shalala</u>, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue, the former Commissioner of Social Security.

1

scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA). The claimant's physical or

mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If

the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

**II. History of case**

On February 3, 2011, administrative law judge (ALJ) James Harty issued his decision (R. at 10-19). Plaintiff alleges that she has been disabled since June 10, 2008 (R. at 10). Plaintiff is insured for disability insurance benefits through December

31, 2013 (R. at 12). At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since plaintiff's alleged onset date (R. at 12). At step two, the ALJ found that plaintiff has the following severe impairments: pseudotumor cerebri (idiopathic intracranial hypertension), essential hypertension, chronic kidney disease with mild proteinuria, and headaches (R. at 13). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 13). After determining plaintiff's RFC (R. at 13-14), the ALJ determined at step four that plaintiff is unable to perform his past relevant work (R. at 17). At step five, the ALJ determined that plaintiff could perform other jobs that exist in significant numbers in the national economy (R. at 18-19). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 19).

**III. Did the ALJ err at step 2 by not considering the diagnosis of depressive disorder?**

The burden of proof at step two is on the plaintiff. See Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993)(the claimant bears the burden of proof through step four of the analysis). A claimant's showing at step two that he or she has a severe impairment has been described as "de minimis." Hawkins v. Chater, 113 F.3d 1162, 1169 (10th Cir. 1997); see Williams v. Bowen, 844 F.2d 748, 751 (10th Cir. 1988)("de minimis showing of

5

medical severity"). A claimant need only be able to show at this level that the impairment would have more than a minimal effect on his or her ability to do basic work activities. Williams, 844 F.2d at 751. However, the claimant must show more than the mere presence of a condition or ailment. If the medical severity of a claimant's impairments is so slight that the impairments could not interfere with or have a serious impact on the claimant's ability to do basic work activities, the impairments do not prevent the claimant from engaging in substantial work activity. Thus, at step two, the ALJ looks at the claimant's impairment or combination of impairments only and determines the impact the impairment would have on his or her ability to work. Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997). A claimant must provide medical evidence that he or she had an impairment and how severe it was during the time the claimant alleges they were disabled. 20 C.F.R. § 404.1512(c), § 416.912(c).

Plaintiff does cite to evidence that plaintiff was diagnosed with depressive disorder (R. at 470, 526), and was prescribed Prozac (R. at 480). However, plaintiff does not cite to any medical evidence that this impairment would have more than a minimal impact on plaintiff's ability to work. For this reason, the court finds that the ALJ did not err by failing to include this limitation as a severe impairment at step two.

6

Furthermore, once the ALJ finds that the claimant has any severe impairment, he has satisfied the analysis for purposes of step two. The ALJ's failure to find that additional alleged impairments are also severe is not in itself cause for reversal. However, the ALJ, in determining plaintiff's RFC, must consider the effects of all of the claimant's medically determinable impairments, both those he deems "severe" and those "not severe." Hill v. Astrue, 289 Fed. Appx. 289, 291-292 (10th Cir. Aug. 12, 2008); see Dray v. Astrue, 353 Fed. Appx. 147, 149 (10th Cir. Nov. 17, 2009); Brescia v. Astrue, 287 Fed. Appx. 626, 628-629 (10th Cir. July 8, 2008).

In making his RFC findings, the ALJ stated that he considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence; the ALJ also stated that he considered the opinion evidence (R. at 14). Furthermore, the ALJ indicated that in making his RFC findings, he "must consider all of the claimant's impairments, including impairments that are not severe" (R. at 12). In light of the fact that the ALJ found other severe impairments at step two, considered all symptoms and evidence when making RFC findings for the plaintiff, considered all of plaintiff's impairments, including non-severe impairments when making his RFC findings, and the failure of plaintiff to cite to any medical evidence that

plaintiff had limitations from her depression that were not included in the ALJ's RFC findings, the court finds that the ALJ did not err by failing to include depression as a severe impairment at step two.

**IV. Did the ALJ err by failing to order a consultative examination regarding plaintiff's depression?**

Consultative medical examinations may be ordered by the ALJ when the information needed is not readily available from medical treatment sources. 20 C.F.R. §§ 404.1512(f), 404.1519a(a)(1). The Commissioner has broad latitude in ordering consultative examinations. Nevertheless, it is clear that, where there is a direct conflict in the medical evidence requiring resolution, or where the medical evidence in the record is inconclusive, a consultative examination is often required for proper resolution of a disability claim. Similarly, where additional tests are required to explain a diagnosis already contained in the record, resort to a consultative examination may be necessary. There must be present some objective evidence in the record suggesting the existence of a condition which could have a material impact on the disability decision requiring further investigation. The claimant has the burden to make sure there is, in the record, evidence sufficient to suggest a reasonable possibility that a severe impairment exists. When the claimant has satisfied this

burden in that regard, it then becomes the responsibility of the ALJ to order a consultative examination if such an examination is necessary or helpful to resolve the issue of impairment. In a counseled case, the ALJ may ordinarily require counsel to identify the issue or issues requiring further development. In the absence of such a request by counsel, the court will not impose a duty on the ALJ to order a consultative examination unless the need for one is clearly established in the record. The ALJ should order a consultative exam when evidence in the record establishes the reasonable possibility of the existence of a disability and the result of the consultative exam could reasonably be expected to be of material assistance in resolving the issue of disability. Hawkins v. Chater, 113 F.3d 1162, 1166-1168, 1169 (10th Cir. 1997; see Madrid v. Barnhart, 447 F.3d 788, 791-792 (10th Cir. 2006)(where additional tests are required to explain a diagnosis already in the record, resort to a consultative examination may be necessary).

As noted above, the claimant has the burden to make sure there is, in the record, evidence sufficient to suggest a reasonable possibility that a severe impairment exists. However, plaintiff cites to no medical evidence suggesting a reasonable possibility that a severe impairment exists. In light of the broad latitude accorded to an ALJ in ordering a

9

consultative examination, the court finds no clear error by the ALJ in not ordering a consultative examination.

**V. Did the ALJ fail to properly consider the medical records of Dr. Baker, plaintiff's ophthalmologist?**

The ALJ gave significant weight to the opinions by the state agency physicians, Dr. Tella, whose report is dated December 3, 2009 (R. at 456-461), and Dr. Siemsen, whose report is dated February 3, 2010 (R. at 485-492) (R. at 16). Neither Dr. Tella nor Dr. Siemsen noted any visual or environmental limitations (R. at 458-459, 488-489). However, the ALJ discussed the medical records by Dr. Baker, an ophthalmologist (R. at 15), and the ALJ included in his RFC findings that plaintiff must avoid even moderate exposure to direct sunlight and bright lights, must avoid more than frequent video monitor work, must avoid exposure to dangerous machinery and unprotected heights, and is limited to occupations that do not require more than frequent use of depth perception (R. at 14).

The court will not reweigh the evidence or substitute its judgment for that of the Commissioner. Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002). Although the court will not reweigh the evidence, the conclusions reached by the ALJ must be reasonable and consistent with the evidence. See Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must

affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion).

The ALJ gave significant weight to the two state agency medical assessments; however, the ALJ also considered the medical records of Dr. Baker and the testimony of plaintiff (R. at 14), and included in his RFC findings additional visual and environmental limitations not contained in those two assessments.  The medical records of Dr. Baker do not indicate that plaintiff has limitations which are not contained in the ALJ's RFC findings.  Therefore, the court finds no error by the ALJ in his evaluation of the state agency assessments or the medical records of Dr. Baker.

**VI.  Did the ALJ err in his credibility analysis?**

Credibility determinations are peculiarly the province of the finder of fact, and a court will not upset such determinations when supported by substantial evidence.  However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.  Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995).  Furthermore, the ALJ cannot ignore evidence favorable to the plaintiff.  Owen v. Chater, 913 F. Supp. 1413, 1420 (D. Kan. 1995).

When analyzing evidence of pain, the court does not require a formalistic factor-by-factor recitation of the evidence. So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the ALJ will be deemed to have satisfied the requirements set forth in Kepler. White v. Barnhart, 287 F.3d 903, 909 (10th Cir. 2002); Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). Furthermore, the ALJ need not discuss every relevant factor in evaluating pain testimony. Bates v. Barnhart, 222 F. Supp.2d 1252, 1260 (D. Kan. 2002). An ALJ must therefore explain and support with substantial evidence which part(s) of claimant's testimony he did not believe and why. McGoffin v. Barnhart, 288 F.3d 1248, 1254 (10th Cir. 2002). It is error for the ALJ to use standard boilerplate language which fails to set forth the specific evidence the ALJ considered in determining that a claimant's complaints were not credible. Hardman v. Barnhart, 362 F.3d 676, 679 (10th Cir. 2004). On the other hand, an ALJ's credibility determination which does not rest on mere boilerplate language, but which is linked to specific findings of fact fairly derived from the record, will be affirmed by the court. White, 287 F.3d at 909-910.

The court will not reweigh the evidence or substitute its judgment for that of the Commissioner. Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d

12

903, 905, 908, 909 (10th Cir. 2002). Although the court will not reweigh the evidence, the conclusions reached by the ALJ must be reasonable and consistent with the evidence. See Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion). The court can only review the sufficiency of the evidence. Although the evidence may support a contrary finding, the court cannot displace the agency's choice between two fairly conflicting views, even though the court may have justifiably made a different choice had the matter been before it de novo. Oldham v. Astrue, 509 F.3d 1254, 1257-1258 (10th Cir. 2007).

The ALJ found that plaintiff's allegations of disability were inconsistent with her activities of daily living and with the medical evidence of record. The ALJ also found that plaintiff's credibility is reduced by inconsistencies in her testimony and her behavior during the hearing (R. at 17).

The court will first address the ALJ's finding that her disability was inconsistent with her activities of daily living. The ALJ noted that plaintiff testified that she could attend to personal care needs, care for her dog, perform household chores, prepare meals, drive a car, shop for groceries, handle her own finances, and attend parent-teacher conferences. The ALJ found

13

that this level of activity was inconsistent with allegations of disabling headaches and vision loss.

However, the sporadic performance of daily activities does not establish that a person is capable of engaging in substantial gainful activity. Thompson v. Sullivan, 987 F.2d 1482, 1490 (10th Cir. 1993). The ability to do light housework and visit with friends provides little or no support for a finding that a person can perform full-time competitive work. Draper v. Barnhart, 425 F.3d 1127, 1130-1131 (8th Cir. 2005).

While the court has some concerns regarding the ALJ's reliance on plaintiff's daily activities, the court concludes that the balance of the ALJ's credibility analysis is supported by substantial evidence in the record. Branum v. Barnhart, 385 F.3d 1268, 1274 (10th Cir. 2004)("While we have some concerns regarding the ALJ's reliance on plaintiff's alleged failure to follow a weight loss program and her performance of certain minimal household chores, we conclude that the balance of the ALJ's credibility analysis is supported by substantial evidence in the record"). The balance of the credibility analysis was closely and affirmatively linked to substantial evidence, including medical opinion evidence regarding plaintiff's RFC. Furthermore, plaintiff did not argue that other medical evidence established that plaintiff had additional limitations not included in the ALJ's RFC findings.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 2nd day of July, 2013, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge